## ALBERT v. ALBERT.

Circuit Court, Dade County.

January 19, 1954.

Sanford M. Swerdlin, Miami, for plaintiff.

Hudson & Cason, Miami, for defendant.

CHARLES A. CARROLL, Circuit Judge.

This cause came on for trial and final hearing before the court, and the court having heard the evidence and arguments of counsel it is ordered, adjudged and decreed as follows—

The court has jurisdiction of the parties and the subject matter of this suit.

The plaintiff is hereby awarded a divorce from the defendant; and the said plaintiff, Peggy Albert, and the said defendant, Gordon Albert, are hereby divorced each from the other, a vinculo matrimonii.

The plaintiff is awarded custody of the three minor children of the parties, Linda Lou, Lucinda Lee and Martha Lynn; and the defendant is granted the right of reasonable visitation of the said children.

The defendant owns and operates a business known as North Miami Stables. For a number of years prior to their separation, the plaintiff wife worked with him in operating the business. While a substantial part of the income from the business went for the purchase of equipment and to expand its scope and facilities, it also supported the family of plaintiff and defendant. This business was formerly operated by defendant's father, on premises owned by his father, and now owned by his estate, in which the defendant has an interest approximating one-fifth. The claim of the plaintiff wife to an interest in the business is denied. The defendant, Gordon Albert, is hereby ordered to pay the plaintiff, Peggy Albert, for the care, maintenance and support of the minor children of the parties the sum of $50 per week.

The plaintiff is entitled to alimony, but only as and if the payment thereof is necessary, which is not the case at this time, in view of the fact that she is employed and earning a sufficient amount for her own support; and jurisdiction is reserved for future consideration of questions relating to alimony under this decree.

It appears that the defendant's ability to pay alimony or child support at present is limited to his income from the above described business; that said business has been and may expect in the future to be operated at a profit, but at the same time it is shown that it is now burdened by numerous debts and obligations which should be retired as expeditiously as practicable in order to insure its continuance. These factors and other factors relating to the business have been taken into consideration by the court in making orders pertaining to alimony, child support and attorney's fees in this case. Since the plaintiff is not granted any interest in the business in which she formerly worked with the defendant, and since the defendant retains and will continue the operation of the business, and as the welfare and support of the children of the parties are to be derived through the operation thereof, it appears appropriate to this court, under section 65.14, Florida Statutes 1953, that the plaintiff should be, and she is hereby granted, as security for the care and maintenance of the children, a lien on the described business, known as North Miami Stables, located at 13670 N. E. 6th Ave., North Miami, and on all of the personal property, furniture, fixtures, equipment and other assets thereof; provided, however, that such lien may not be enforceable other than as this court may order in this above styled cause, and shall not operate to hinder or prevent the defendant from selling any horses or other articles, such as saddles or equipment in the due course of the conduct thereof; and it is further ordered in this connection that the defendant shall keep full, true and accurate books of account and

records of the business as transacted by him, which records shall be made available to the plaintiff for examination by her or by some agent named by her for that purpose at intervals of once a month.

In the matter of attorney's fees, it appears that plaintiff's attorney was paid a partial fee by her at the outset with moneys derived from the business. It is ordered that the defendant forthwith pay to plaintiff's attorney of record an additional sum of $150 attorney's fees.

In addition to the amount fixed for child support, it is ordered that the defendant pay doctors' bills and other medical expenses which may be occasioned on behalf of the children for any extraordinary illness or accident.